UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
KEITH L. BROWN,

                     Plaintiff,

   -against-

THE VILLAGE OF PELHAM, and
OFFICER RYAN CORDON,

                     Defendant.
----------------------------------------------------------------------x

**ANSWER**

05 Civ. 7386 (WCC)

       For the answer to the complaint of the plaintiff in the above entitled case, defendants THE VILLAGE OF PELHAM and OFFICER RYAN CORDON, by their attorneys, SERVINO & SANTANGELO LLP, say:

1.       Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "1" of plaintiff's complaint.

2.       Defendants admit the allegations contained in paragraph "2" of plaintiff's complaint.

3.       Defendants admit the allegations contained in paragraph "3" of plaintiff's complaint.

4.       Defendants admit the allegations contained in paragraph "4" of plaintiff's complaint.

5.       Defendants admit the allegations contained in paragraph "5" of plaintiff's complaint.

6.       Defendants admit the allegations contained in paragraph "6" of plaintiff's complaint.

7.       Defendants admit the allegations contained in paragraph "7" of plaintiff's complaint.

## FACTS

8.       Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "8" of plaintiff's complaint and refer all questions of law to this Honorable Court.

9. Defendants admit the allegations contained in paragraph "9" of plaintiff's complaint.

10. Defendants deny the allegations contained in paragraph "10" of plaintiff's complaint.

11. Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "11" of plaintiff's complaint and refer all questions of law to this Honorable Court.

## ANSWERING A FIRST CAUSE OF ACTION FOR ASSAULT

12. Defendants repeat, reiterate and reallege each and every denial contained in Paragraphs 1-11 of this Answer with the same force and effect as if set forth more fully at length herein.

13. Defendants deny the allegations contained in paragraph "13" of plaintiff's complaint.

14. Defendants deny the allegations contained in paragraph "18" of plaintiff's complaint.

## ANSWERING A SECOND CAUSE OF ACTION FOR FALSE ARREST

15. Defendants repeat, reiterate and reallege each and every denial contained in Paragraphs 1-11 of this Answer with the same force and effect as if set forth more fully at length herein.

16. Defendants deny the allegations contained in paragraph "16" of plaintiff's complaint.

## ANSWERING A THIRD CAUSE OF ACTION FOR A VIOLATION OF PLAINTIFF'S CIVIL RIGHTS UNDER 42 U.S.C. SECTION 1983

17.     Defendants repeat, reiterate and reallege each and every denial contained in Paragraphs 1-11 of this Answer with the same force and effect as if set forth more fully at length herein.

18.     Defendants deny the allegations contained in paragraph "18" of plaintiff's complaint.

## ANSWERING A FOURTH CAUSE OF ACTION FOR PUNITIVE DAMAGES

19.     Defendants repeat, reiterate and reallege each and every denial contained in Paragraphs 1-11 of this Answer with the same force and effect as if set forth more fully at length herein.

20.     Defendants deny the allegations contained in paragraph "20" of plaintiff's complaint.

## ANSWERING A FIFTH CAUSE OF ACTION

21.     Defendants repeat, reiterate and reallege each and every denial contained in Paragraphs 1-11 of this Answer with the same force and effect as if set forth more fully at length herein.

22.     Defendants deny the allegations contained in paragraph "22" of plaintiff's complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

23.     Insofar as plaintiff seeks to impute liability to defendant Village of Pelham simply because they are alleged to have employed one or more constitutional tortfeasors, this action should be dismissed since the doctrine of <u>respondeat superior</u> is not available in an action brought pursuant to 42 U.S.C. Section 1983.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

24.     At all times relevant hereto, defendant acted in good faith and took appropriate action in the discharge of his official duties.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

25.     Defendant, to the extent he is sued in his individual capacity, is entitled to qualified immunity since at all times he acted in good faith in the discharge of his job duties and his conduct did not violate any clearly established constitutional or statutory rights which a reasonable person would have known.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

26.     Defendant at all relevant times acted in accordance with all laws, rules and regulations and pursuant to his statutory authority.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

27.     Any conduct which is alleged by plaintiff is ***de minimis*** and insubstantial and as such the allegations fail to establish a claim under 42 U.S.C. Section 1983.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

28.     Punitive damages cannot be assessed against the municipal defendant.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

29. The Court lacks subject matter jurisdiction over the case in controversy.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

30. For a separate and distinct affirmative defense, the answering defendants allege that the complaint on file herein fails to state a claim upon which relief can be granted.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

31. For a separate and distinct affirmative defense, the individual answering defendant alleges that he is immune from liability for the matters stated in the complaint in that all of his alleged actions, if any, were made in good faith, without malice and performed in the reasonable belief that such actions were authorized by and in accord with existing law and authority.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

32. For a separate and distinct affirmative defense, the answering defendants allege that any harm which came to plaintiff was a direct and proximate result of plaintiff's own actions.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

33. Plaintiff has failed to allege that any harm which he may have suffered occurred as a result of a policy and/or custom established by the VILLAGE OF PELHAM and thus the action must be dismissed against the municipal defendant.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

34. That plaintiff's claim for damages, if any, are to be strictly governed by the Civil Rights Act of 1991 (42 USC Section 1981a).

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

35. Plaintiff failed to comply with the requirements of General Municipal Law Section 50 et seq.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

36.      42 U.S.C. § 1983 is not itself a separate cause of action.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

37.      There cannot be a separate cause of action for punitive damages.

**W H E R E F O R E,** the defendants pray judgment that the complaint of the plaintiff be dismissed, together with the costs and disbursements of this action and attorney's fees awarded to the defendants.

Dated: Hawthorne, New York
       October 5, 2005

Respectfully submitted,

SERVINO & SANTANGELO LLP

By: _____
James A. Randazzo (0156)
Attorneys for Defendants
151 Broadway
Hawthorne, New York 10532
(914) 741-2929

To:    Pazer & Epstein, P.C.
        Attorneys for Plaintiff
        20 Vesey Street
        New York, New York  10007
        212-227-1212

## CERTIFICATE OF SERVICE

I, JAMES A. RANDAZZO, hereby certify that on October 5, 2005, I served the within Answer upon plaintiff, by mailing a copy thereof, postage prepaid, the address as provided to defendants by notification from this Court, Pazer & Epstein, P.C., Attorneys for Plaintiff, 20 Vesey Street, New York, New York 10007.

James A. Randazzo (0156)